## Smith v. Smith

*Leonard Dubin*, for petitioner.
*James B. Crummett*, for respondent.

WOOD, *J.*, July 23, 1986—And now, this July 23, 1986, after argument and upon review of the record and briefs, respondent's exceptions to our adjudication and decree nisi of November 12, 1985 are dismissed. I direct that the decree nisi be entered as the final order of this court.

With respect to respondent's exceptions to certain of my factual findings, I will stand on the record, which, in my opinion, supports those findings.

The major legal dispute in this case was one of definition. The question was whether respondent's particular mental problem amounted to a "mental illness" as that term is used in 20 Pa.C.S. §5501(1). I concluded that it did because it has made respondent unable to protect himself or his estate from designing persons or from dissipating his assets. Respondent, in my judgment, has not made a knowing and voluntary choice to throw away his money on the La Rouche organizations. Instead, his mental disorder has made him unable to resist their blandishments.

Whether or not certain personality disorders are mental illnesses is a question on which those trained in the field are not in agreement. In other contexts, the distinction between one suffering from a personality disorder and one who displays a traditional mental illness has been called "too subtle to be traced definitively by the judicial mind." State, ex rel R.S. v. Trent, 289 S.E.2d 166, 172 (W. Va. 1982); see also Johnson v. Noot, 323 N.W.2d 724 (Minn. 1982). As a judge, I must be primarily concerned with behavior and its consequences. In interpreting the guardianship statutes, I must consider "the mischief to be remedied": 1 Pa.C.S. §1921(c)(3).

Following argument in this matter, counsel for respondent called to our attention a California case,

Katz v. Superior Court of California, 73 Cal. App.3d 952 (1977). We find that case distinguishable in two major respects: First, it dealt with the appointment of a guardian of the person, and second, it dealt with a situation where petitioners were attempting to restrain the liberty of the alleged incompetents for the purpose of deprogramming. Here, I did not restrain Lewis Smith's liberty, nor have I limited his right to speak, believe, or associate with others. I have only limited his use of his money to the extent necessary to prevent him from dissipating his assets to any substantial degree. Counsel for Lewis has consistently treated this proceeding as one dealing with Lewis's rights to free speech and free association. It is not that kind of case. Like almost every other proceeding under 20 Pa.C.S., Chapter 55, that comes before me, all I have to decide, and all I did decide, was whether Lewis, because of a mental illness, was likely to become the victim of designing persons, so that I should enter an order protecting his estate. Lewis' First Amendment freedoms remain intact, and he may exercise them as foolishly as he wishes.

The petition of Wilmington Trust Company for approval to commence legal action is granted. See 20 Pa.C.S. §5521; Pa.R.C.P. 2053.